UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

LARRY D. HILL, JR.,

    Plaintiff,

V.

FEDERAL MEDICAL CENTER, LEXINGTON, KY,

    Defendant.

Civil Action No. 5: 18-654-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Larry D. Hill, Jr., is a federal inmate currently confined at the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky. Hill previously filed a document with the Court styled as a proposed order to show cause for a preliminary injunction and a temporary restraining order, which was docketed as a civil action for administrative purposes. [R. 1]

However, because the document filed by Hill was insufficient to constitute a civil rights complaint, the Court entered an Order on December 28, 2018, advising Hill that it could not entertain his motion for injunctive relief because he had not properly invoked its jurisdiction by filing a formal complaint. [R. 3] In addition, Hill had not paid the $350.00 filing fee and the $50.00 administrative fee, nor had he filed a motion pursuant to 28 U.S.C. § 1915 to pay the filing fee in installments. Thus, the Court directed the Clerk of the Court to provide Hill with the necessary forms so that he could correct these deficiencies by filing a complaint on a court-supplied form and motion to proceed *in forma pauperis*. The Court

ordered Hill to complete the forms and file them with the Court within 30 days, warning him that this action would be dismissed without prejudice should he fail to do so. [R. 3]

While Hill has since filed a second motion/order for preliminary injunction and temporary restraining order, this document, like the one he originally filed, is not a civil rights complaint, but instead appears to be a proposed order directing the Food Service Administrator at FMC-Lexington to appear at a hearing to show cause why a preliminary injunction should not be issued against him for allegedly forcing inmates into slave labor. [R. 5] Again, this document is insufficient to constitute a civil rights complaint. In addition, Hill still has not paid the filing fee, nor has he filed a motion for leave to proceed *in forma pauperis*. Thus, the 30-day period provided by the Court within which to file a complaint on the court-supplied form and pay the filing fee or file a motion to proceed *in forma pauperis* has now come and gone and Hill has failed to comply with the Court's clear instructions.

Local Rule 5.2(b) specifically provides that "a pro se litigant's failure to file his or her petition on a court-supplied form within thirty (30) days may be grounds for dismissal." *See* Local Rule 5.2(b). Similarly, Local Rule 5.3(a)(1) requires prisoners seeking leave to proceed without prepayment of the entire filing fee to comply with the requirements of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2). *See* Local Rule 5.3(a)(1). Because Hill has not filed a motion for leave to proceed *in forma pauperis* with this Court (despite the Court's instructions), he has not complied with the PLRA requirements that would allow him to do so.

The authority of a federal trial court to dismiss a plaintiff's action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*,

2

370 U.S. 626, 629-630 (1962). *See also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.").

In determining whether to dismiss a case for failure to prosecute, the Sixth Circuit has directed courts to consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first and third factors, a court may consider a party's failure to act in the face of a clear prior warning from the court that the case would be dismissed as an indication of willful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814 at *2 (6th Cir. March 21, 1994) (*citing Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). Here, Hill failed to comply with the Court's Order directing him to complete and file the forms required to proceed in this action, despite the Court's clear warning that his failure to do so would result in dismissal of the case.

Thus, evaluating all of these factors, the Court concludes that dismissal of Hill's complaint, without prejudice, is warranted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders). *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

Accordingly, it is hereby **ORDERED** as follows:

1. Hill's "complaint" [R. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with an Order of the Court.

2. All pending requests for relief are **DENIED AS MOOT**.

3. The Court will enter an appropriate Judgment.

4. This matter is **STRICKEN** from the Court's docket.

Dated February 20, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY